UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

20 CR 0229 (SJ) (JO)

-against- **ORDER ADOPTING REPORT AND RECOMMENDATION**

JAIRO FERREIRA,

   Defendant.
---------------------------------------------------------X

**JOHNSON, Senior District Judge:**

  Presently before the Court is a Report and Recommendation ("Report") prepared by Magistrate Judge James Orenstein recommending that the Court grant in part and deny in part Defendant Jairo Ferreira's motion to inspect grand jury materials. Familiarity with the Report is assumed. Defendant Jairo Ferreira ("Defendant") timely objected and the government timely replied. (Dkt. Nos. 29 & 30). For the reasons stated herein, this Court affirms and adopts the Report in its entirety.

  A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition

1

of the motion.  *See* 28 U.S.C. § 636(b)(1).  Within 14 days of service of the recommendation, any party may file written objections to the magistrate judge's report.  *See id.*  Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations.  *See id.*  "When a party makes only conclusory, or general objections, or simply reiterates the original arguments," however, "the Court will review the report strictly for clear error."  *Frankel v. City of New York*, 2009 WL 465645, at *2 (E.D.N.Y. Feb. 25, 2009) (collecting cases); *Nadolecki v. New York State Dep't of Taxation & Fin.*, 2011 WL2437481 at *1 (E.D.N.Y June 15, 2011). Defendant's objections largely consist of the same arguments previously made and considered by Judge Orenstein in advance of issuing the Report. Because of this, the Court reviews for clear error.

Defendant objects to the Report because he disagrees with Judge Orenstein's findings that Defendant's access to records used to implement the Court's Master and Qualified Jury Wheels should be limited to some demographic and residential data—*i.e.* data reflecting the county of residence, zip code, and to the extent available, the race and age of the individuals listed in the Master Jury Wheel.  Defendant argues that he is entitled access to all 23 categories of records he requests pursuant to the Fifth and Sixth Amendments and the Jury Selection and Service Act ("JSSA"), 28

U.S.C. §§ 1867(a) and (f). And that access to all 23 requests is "essential" to determine whether he has a meritorious jury selection challenge. (Dkt. No. 14).

The Supreme Court has found that "[§ 1867(f)] makes clear that a litigant has essentially an unqualified right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975). The right to inspect is not, however, an "absolute right of access to all materials relating to the grand jury selection." *United States v. Gotti*, No. S4 02 CR 743(RCC), 2004 WL 32858, at *11 (S.D.N.Y. Jan. 6, 2004) (collecting cases); *United States v. Davis*, No. 06 Cr. 911(LBS), 2009 WL 637164, at *16 (S.D.N.Y. Mar. 11, 2009) ("there is no absolute right of access to all materials relating to the grand jury selection"). "A defendant's unqualified right to records or papers encompasses only such data as [he] needs to challenge the jury selection process." *United States v. Pirk*, 281 F.Supp.3d 342, 344 (W.D.N.Y. 2017).

Defendant seeks information to determine whether COVID-19 related disruptions to the grand jury compromised his right to a jury selected from a fair cross section of the community. The demographic and residential information in the Master Jury Wheel selected by Judge Orenstein is sufficient to do this. The residential and geographic data from the Master Jury Wheel speak directly to its constitution, implementation, and composition. Which,

in turn, is sufficient information to determine whether the resulting grand jury was selected from a fair cross section of the community. *See Gotti*, 2004 WL 32858, at *11 (quoting *United States v. Nichols*, 248 F.Supp.2d 1027, 1034 (D. Kan. 2003) (rev'd on other grounds) ("[i]t is not the actual selection of the grand jury which would constitute the violation but whether the jury was selected at random from a fair cross section of the community"); *United Sates v. Davenport*, 824 F.2d 1511, 1515 (finding access to master list sufficient for defendant to decide to challenge the grand jury selection process); *United States v. McLernon*, 746 F.2d 1098, 112 (6th Cir. 1984) (same).

After reviewing the Report and the parties' submissions and finding no clear error, the Court accepts Judge Orenstein's well-reasoned recommendation. Accordingly, the Report is affirmed in its entirety.

SO ORDERED.

Dated: May 17, 2021
Brooklyn, NY

signed Sterling Johnson, Jr., U.S.D.J.
Sterling Johnson, Jr., U.S.D.J.